UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| Frank Brunais, | Civil Action No.: _____ |
| --- | --- |
| Plaintiff, | |
| v. | |
| Collectcorp Corporation, | COMPLAINT |
| Defendant. | |

For this Complaint, the Plaintiff, Frank Brunais, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Frank Brunais (hereafter "Plaintiff"), is an adult individual residing at 102 Wildwood Lane, Waynesville, Missouri 65583, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Collectcorp Corporation (hereafter "Defendant"), is a Delaware corporation with an address of, 455 N. 3rd Street, Suite 260, Phoenix, Arizona 85004 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant acquired a student loan in 1994. After becoming disabled, the student loan was paid off in 2004 with a final payment of $370.00, and the Plaintiff received a statement showing that the loan had been paid in full and was no longer due and owing.

10. In December of 2008, the Plaintiff was contacted by the Defendant with regard to the alleged student loan debt, to which the Plaintiff responded by sending the Defendant the statement indicating the debt had been paid in full, on January 5, 2009.

11. Despite having full proof of the Plaintiff's satisfied debt, the Defendant began calling the Plaintiff on a daily basis.

12. The Defendant's communications were rude and abusive, with the individual debt collector's yelling at the Plaintiff and using profane language.

13. The Defendant threatened the Plaintiff with both garnishment and legal proceedings, and continued to make threats without intending or initiating any legal action.

14. The Plaintiff repeatedly asked the Defendant to cease communication, all to no avail.

15. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendant caused a telephone to ring and engaged the Plaintiff in repeated telephone conversations on a daily basis, in violation of 15 U.S.C. § 1692d(5).

18. The Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692d(2).

19. The Defendant's communication with the Plaintiff included harassing and abusive language, in violation of 15 U.S.C. § 1692b(3).

20. The Defendant threatened the Plaintiff with garnishment, without any intention of taking such action, in violation of 15 U.S.C. § 1692e(4).

21. The Defendant threatened the Plaintiff with legal proceedings, in violation of 15 U.S.C. § 1692e(5).

22. The Defendant attempted to collect an amount unauthorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

23. The Defendant misrepresented the amount and status of the alleged debt, in violation of 15 U.S.C. § 1692e(2).

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

28. Missouri further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Missouri state law.

29. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls to his home and by refusing to cease communication after being asked to stop.

30. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

31. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

33. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.
4. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;
5. Punitive damage; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 19, 2009

        Respectfully submitted,

        By /s/ Thomas J. Henderson

        Tom Henderson: Bar # 58890
        The Rubin Law Firm
        302 Jefferson Street
        Saint Charles, MO 63301
        Telephone: (636) 916-3300
        Facsimile: (636) 255-0300

        <u>Of Counsel To:</u>
        Sergei Lemberg
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile: (877) 795-3666